IRVING, J.,
For the Court:
¶ 1. This is a workers’ compensation claim on appeal from a judgment of the Circuit Court of the First Judicial District of Panola County in favor of MiniSystems, Inc. Dissatisfied with the judgment, Cau-sey Houston, the surviving spouse of Eva May Houston, petitions this Court to examine whether the circuit court erred in reversing the Mississippi Workers’ Compensation Commission’s order finding that Eva May Houston was acting in the course and scope of her employment at the time of her fatal accident.
¶ 2. We find that the trial court erred in reversing the decision of the Mississippi Workers’ Compensation Commission. Accordingly, we reverse the decision of the trial court and reinstate the order of the Commission.
FACTS
¶ 3. Mrs. Eva May Houston worked as a traveling salesperson for MiniSystems, Inc. As a traveling salesperson, Mrs. Houston utilized a company car that she kept at all times. MiniSystems paid for gas and would also pay for Mrs. Houston’s meals when she stayed overnight while on a business trip. Mrs. Houston’s work hours were flexible hours because her job required her to work whenever needed. When and where Mrs. Houston took her lunch break was never an issue, and Mini-Systems had no personnel manual regulating times for lunch breaks or any other specifics regarding Mrs. Houston’s travel schedule.
¶ 4. On September 19, 1995, at approximately 10:00 a.m., Mrs. Houston left Mini-Systems in Sardis, Mississippi and traveled to Oxford, Mississippi on her way to Columbus, Mississippi to see a client. She stopped in Oxford and made a call to the client, at which time, she was notified that the appointment had been canceled. Following that call, Mrs. Houston contacted her daughter and arranged to meet her daughter for lunch at her daughter’s home in Pleasant Grove, Mississippi which is on Highway 315 approximately ten miles west of Sardis. Mrs. Houston arrived at her daughter’s home between noon and 1:00 p.m. Around 3:00 p.m., she left her daughter’s home heading back to MiniSystems’s office which is located in Sardis on Highway 315. A few miles before reaching Sardis, she was involved in an automobile accident that resulted in her death. Neither the MiniSystems office in Sardis nor *294 Highway 315 between Pleasant Grove and Sardis was in Mrs. Houston’s sales territory.
¶ 5. Causey Houston, administrator of Eva’s Estate, filed a claim for workers’ compensation, alleging that Eva died during the course and scope of her employment with MiniSystems. The administrative law judge ruled that Eva’s death arose while she was acting in the course and scope of her employment with MiniSys-tems and awarded workers’ compensation death benefits. On appeal by MiniSys-tems to the full Commission, the decision of the administrative law judge was affirmed. MiniSystems then appealed the decision of the Commission to the Circuit Court of the First Judicial District of Pa-nola County which reversed the decision of the full Commission.
ANALYSIS AND RESOLUTION OF THE ISSUE
¶ 6. The scope of review of the findings and actions of the Workers’ Compensation Commission is well established.
The reviewing court will entertain the appeal to determine whether or not the order of the administrative agency 1) was unsupported by substantial evidence, 2) was arbitrary or capricious, 3) was beyond the power of the administrative agency to make, or 4) violated some statutory or constitutional right of the complaining party. These are the only grounds for overturning an agency action; otherwise, the agency’s determination must remain undisturbed.
Mississippi Comm’n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993).
¶ 7. This case involves a traveling salesperson who was initially out on a business call in the scope and course of her employment. Mrs. Houston had gone to work on the morning of her death and had remained at work in MiniSystems’s office until approximately 10:00 a.m. when she left to make a business call on a client. There is no dispute regarding these facts. The dispute is over whether, at the time of her death, Mrs. Houston had abandoned or deviated from the business of her employer, and if a deviation, had she returned to her employer’s business before she was killed.
¶ 8. The administrative law judge found that:
[W]hen Mrs. Houston was at her daughter’s house eating lunch, she was engaged in a personal deviation from her employer’s business, but the minute she got back in her company car and began driving toward her business headquarters in Sardis, during the normal working hours of the day, she had resumed her business mission. Mrs. Houston’s accident occurred about four miles west of the MiniSystems office; she had driven ten miles west of the office to have lunch. In terms of numbers of miles, ten miles is not a significant deviation from her employment route — one could make an accidental wrong turn and go that far out of the way and still be considered to be on a direct business route.
The work connectedness required by the Workers’ Compensation Act for com-pensability is not a function of the points on a compass nor numbers of miles, nor particular routes. It is a function of the nature of the activities in which the claimant was engaged at the time of the accident. It is simply drawing too fine a line to say that if Mrs. Houston were killed four miles from the office while driving the company car from the south and east after eating lunch, the accident was compensable, but not compensable if she were killed while driving four miles from the west.
*295 ¶ 9. In affirming the administrative law judge, the full Commission observed:
The Employer also expends considerable effort arguing that Mrs. Houston, at the time of her fatal accident, was not traveling “on her direct business route” and was therefore outside the course and scope of her employment. Of course, it is undisputed that Mrs. Houston was a traveling employee who had no particular or direct business routes. Apparently, it is the Employer’s contention that any route within the geographic boundaries of Mrs. Houston’s sales territory would constitute a “direct business route” while any route outside this assigned territory would not. Regardless, we do not think this claim can be decided simply through cartographical analysis.
¶ 10. We agree with the Commission and its further observation, citing Bryan Bros. Packing Co. v. Dependents of Murrah, 234 Miss. 494, 500, 106 So.2d 675, 677 (1958), that “ ‘[a] traveling employee is in the course and scope of employment from the time he leaves home on a business trip until he returns and the employment covers both time and place of travel except in deviation cases or where he was on a personal mission or errand of his own.’ ”
¶ 11. Relying on Retail Credit Company v. Coleman, 227 Miss. 791, 86 So.2d 666 (1956), the full Commission stated:
We agree entirely with the Administrative Law Judge that whether Mrs. Houston’s trip to the company headquarters in Sardis originated from within her assigned territory or from outside her assigned territory is wholly irrelevant under the circumstances. From Pleasant Grove, she was but ten miles, approximately, west of Sardis. Both her own residence and the MiniSystems office were technically outside the boundaries of her assigned territory, yet we think no one would seriously question the compensability of this claim had the accident occurred either after leaving her house or the MiniSystems office on a business errand, or while returning to her house or to the MiniSystems office from a business errand, even though the occurrence was geographically outside her sales territory. At the time of her accident, Mrs. Houston was, in the only sense that matters, returning to company headquarters from a failed business appointment in order to continue her work. The fact that she temporarily deviated from her employment along the way and ultimately was returning to her office from the west instead of from the east and south is in our mind a distinction without a difference.
¶ 12. In Retail Credit Company, Mr. Coleman, a traveling employee, finished his day’s work in Durant, Mississippi and, between 9:30 and 10:00 p.m., stopped by a restaurant to get something to eat. Retail Credit Company, 227 Miss, at 796, 86 So.2d at 668. While in the restaurant, he met some college friends and visited with them until closing time which was around midnight. Id. On his way back toward company headquarters in Kosciusko, Mr. Coleman was killed in an automobile accident. Id. His death was held to be com-pensable under the workers’ compensation law. Id. at 800, 86 So.2d at 670.
¶ 13. Apparently, the only distinction between our case and Retail Credit Co. is that in Retail Credit Co., the employee’s course of travel was back toward his employer’s headquarters from within his assigned territory while in ours it appears that Mrs. Houston’s course of travel was back toward MiniSystems’s headquarters but from a place outside of her assigned territory. We fully agree with the Com *296 mission that this is a distinction without a difference.
¶ 14. It is not disputed that Mrs. Houston had traveled to Oxford on her way to Columbus to visit with a client. Surely, she had to return home or to company headquarters in Sardis from that business trip. She was entitled to stop for lunch. It so happens that she stopped at a point outside of her most direct route of travel. No one knows for certain what route she took to her daughter’s home, but it is not disputed that she had completed her lunch and, according to the daughter’s testimony, was headed back to MiniSystems’s office to finish up her day’s work.
¶ 15. We are of the opinion that the decision of the Mississippi Workers’ Compensation Commission is based upon substantial evidence, is not arbitrary or capricious, is not beyond the power of the Commission to make, and did not violate any statutory or constitutional provision. Therefore, the judgment of the circuit court reversing the order of the Mississippi Workers’ Commission is reversed and the order of the Commission is reinstated.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF PANOLA COUNTY IS REVERSED AND THE ORDER OF THE COMMISSION AWARDING BENEFITS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO APPELLEE.
¶ 17. McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS and CHANDLER, JJ., CONCUR.
BRANTLEY, J., NOT PARTICIPATING.